UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRIC EUGENE JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HARMON, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00591-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S** *IN FORMA PAUPERIS* **STATUS**<br><br>(Doc. 23)<br><br>**14-DAY DEADLINE** |

Defendants have filed a motion to revoke Plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (Doc. 23.) Plaintiff filed a response in opposition, and Defendants filed a reply. (Docs. 27, 28.) Because Plaintiff has three "strikes" under section 1915(g) and fails to show that he is in imminent danger of serious physical injury, the Court recommends that Defendant's motion be **GRANTED,** Plaintiff's *in forma status* revoked, and the case be **DISMISSED without prejudice** for refiling with payment of the required $402 filing fee.

**I.　　Three-Strikes Provision of 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs proceedings *in forma pauperis* ("IFP"). The statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section is commonly referred to as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("*King*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP [or in forma pauperis]." <u>Id.</u>; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (holding that "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the Prison Litigation Reform Act ("PLRA") is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." <u>See</u> 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[ ] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"). The danger he alleges to face must be real, proximate, and/or ongoing. *Cervantes*, 493 F.3d at 1055; *see also Herbaugh v. San Diego Sheriff's Dep't*, No. 3:18-cv-01899-JLS-NLS, 2018 WL 5024802, at *2 (S.D. Cal. Oct. 17, 2018) (citing *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.")). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *Herbaugh*, 2018 WL 5024802, at *2 (quoting *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998)).

When applying 28 U.S.C. § 1915(g), the court must evaluate the order dismissing an action and other relevant information before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim." *King*, 398 F.3d at 1121. Not all dismissed

cases qualify as a strike under § 1915(g). *Id.*

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), the proper procedure is to dismiss the case without prejudice because the filing fee is required when the action is initiated. *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)). A plaintiff may still pursue his claims if he pays the civil and administrative filing fees required by 28 U.S.C. § 1914(a).

## II.  DISCUSSION

The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Here, the Court takes judicial notice of four of Plaintiff's prior lawsuits that were dismissed on the grounds that they failed to state a claim, is frivolous, or malicious:

(1)  *Johnson v. Centinela State Prison*, Case No. 3:17-cv-02568-CAB-WVG (S.D. Cal.) (dismissed on March 9, 2018, as frivolous because it was duplicative of another civil action pending);

(2) *Johnson v. John Doe*, Case No. 3:17-cv-01309-WQH-WVG (S.D. Cal.) (dismissed on February 12, 2018, for failure to state a claim and for seeking damages against a defendant that is immune);

(3) *Johnson v. John Doe*, Case No. 3:17-cv-00889-LAB-JLB (S.D. Cal) (dismissed on November 27, 2017, for failure to state a claim); and

(4) *Johnson v. San Diego County Sheriff's Department*, Case No. 3:15-cv-02789-WQH-KSC (S.D. Cal.) (dismissed on October 28, 2016, for failure to state a claim).

Each of these cases was dismissed before he filed the current action on April 8, 2020. Plaintiff is therefore subject to the section 1915(g) bar, and he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052–53 (9th Cir. 2007).

The Court has reviewed Plaintiff's complaint, (Doc. 1), and finds that Plaintiff's allegations do not meet the imminent danger exception. In the complaint, Plaintiff alleges that on April 26, 2018, in his cell and without justification, Officers Harmon, Gonzales, and Perez pepper

3

sprayed Plaintiff, assaulted him, and placed a spit bag over his head. Plaintiff alleges that these officers placed Plaintiff in wrist and leg constraints, and Officer Ayon and Sgt. Ruelas escorted Plaintiff to the rotunda, where Officer Ayon assaulted Plaintiff again. He was placed in a temporary holding cell, where LVN White examined Plaintiff and allegedly covered up facts concerning the assault and Plaintiff's injuries. Thereafter, Plaintiff was placed in Administrative Segregations, where he was subjected to numerous transfers, strip searches, and found guilty of a rules violation report for assault on a peace officer.

These events occurred while Plaintiff was housed at Kern Valley State Prison. Plaintiff is currently housed at California State Prison, Los Angeles County, away from the defendants. Given that Plaintiff's allegations relate only to the events that occurred April 26, 2018, Plaintiff has not argued or shown that he was in imminent danger when he filed his complaint almost two years later.

In his response, Plaintiff argues that the Court has previously granted Plaintiff's motion to proceed IFP and found service appropriate, and that he has paid the filing fee in full. (Doc. 27.) Contrary to Plaintiff's assertion, the Court's order granting Plaintiff's application to proceed IFP directs monthly payments. (Doc. 9.) More significantly, Plaintiff does not dispute that the four cases referenced herein count as "strikes," and he does not argue that he was in imminent danger. Under these circumstances, Plaintiff is precluded from proceeding IFP in this action.

### III.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court **RECOMMENDS** that:

1. Defendants' motion for order revoking Plaintiff's IFP status, (Doc. 23), be **GRANTED**; and

2. This action be **DISMISSED** without prejudice to refiling upon prepayment of the filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case,[1] pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**

---

[1] This case appears on the Unassigned/NONE civil case list and may not be heard pending the appointment of a new district judge. (Doc. 30.) However, the Court will still require Plaintiff to file timely objections in order for the objections to be considered by the assigned district judge in due course.

of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __November 29, 2021__          _ /s/ Jennifer L. Thurston
                                        CHIEF UNITED STATES MAGISTRATE JUDGE