UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| SEDRIC EUGENE JOHNSON, | Case No. 1:20-cv-00591-JLT-BAK (SAB) (PC) |
|---|---|
| Plaintiff, | ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION FOR ORDER REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS, AND DISMISSING ACTION WITHOUT PREJUDICE |
| v. | |
| HARMON, et al., | |
| Defendants. | |
| | (Docs. 23, 33) |
| | Clerk of Court to close the case. |

Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 3), which the Court granted. (Doc. 9) Nevertheless, the Court advised Plaintiff that he was still obligated to pay the statutory filing fee of $350.00 through monthly payments. *Id*. The Court ordered the California Department of Corrections and Rehabilitation to send to the Clerk of the Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. *Id.*

Defendants filed a motion to revoke Plaintiff's IFP status because Plaintiff has at least three strikes under 28 U.S.C. § 1915(g) and is not under imminent danger of serious physical injury. (Doc. 23.) In support of their motion, Defendants requested judicial notice of cases that were dismissed on the ground that they were frivolous, malicious, or failed to state a claim. (Doc.

24.)  Plaintiff filed a response in opposition, and Defendants filed a reply to Plaintiff's response. (Docs. 27, 28.)

On November 29, 2021, the Court found that the motion should be granted and Plaintiff's IFP status should be revoked. (Doc. 33.) The Court took judicial notice of four prior lawsuits that were dismissed on the grounds that they failed to state a claim or were frivolous or malicious:

(1) *Johnson v. Centinela State Prison*, Case No. 3:17-cv-02568-CAB-WVG (S.D. Cal.) (dismissed on March 9, 2018, as frivolous because it was duplicative of another civil action pending);

(2) *Johnson v. John Doe*, Case No. 3:17-cv-01309-WQH-WVG (S.D. Cal.) (dismissed on February 12, 2018, for failure to state a claim and for seeking damages against a defendant that is immune);

(3) *Johnson v. John Doe*, Case No. 3:17-cv-00889-LAB-JLB (S.D. Cal) dismissed on November 27, 2017, for failure to state a claim); and

(4) *Johnson v. San Diego County Sheriff's Department*, Case No. 3:15-cv-02789-WQH-KSC (S.D. Cal.) (dismissed on October 28, 2016, for failure to state a claim).

Plaintiff did not dispute that these cases were "strikes," and he did not argue that he was in imminent danger at the time of filing his complaint. Therefore, the Court recommended that the case be dismissed without prejudice for refiling with payment of the required $402.00 filing fee.[1] (Doc. 33.) The Court advised Plaintiff that he could file objections to the findings and recommendations within fourteen days. (*Id.*)

Instead of filing objections, Plaintiff filed a notice that he was in the process of paying the filing fee of $405.00[2] and requested thirty days for the check to clear trust accounting. (Doc. 35.) On December 14, 2021, the Court advised that the findings and recommendations do not provide for the filing fee as an alternative to filing objections and that the recommendation was to dismiss the case without prejudice. (Doc. 37.) However, due to Plaintiff's limited access to the law library and staff, the Court granted the motion in part, affording Plaintiff a thirty-day

---

[1] The filing fees for civil cases is $402.00, consisting of a $350 filing fee and a $52.00 administrative fee. https://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/fee-schedule/ (last visited Apr. 6, 2022).
[2] Plaintiff erroneously believed that the filing fee was $405.00 instead of $402.00.

extension of time to file objections, or by January 13, 2022. (*Id.*)

Rather than filing objections, Plaintiff filed a second notice that he paid $405.00, as indicated by his inmate statement report. (Doc. 39.) Plaintiff also requested the Court to correct the filing fee amount from $405.00 to $350.00, the amount under the Prison Litigation Reform Act. (Doc. 38.) Plaintiff stated that a check was sent to the Clerk of Court on December 22, 2021, "with the fee paid in full," though he argued he should not be required to pay the filing fee twice in the same case. (*Id.*) The Clerk of Court returned the check for $405.00 because the filing fee is $402.00, and the Court cannot accept overpayment for a filing fee. (Doc. 42 at 5–6.) Plaintiff filed a motion for an extension of 150 days "to cure discrepancies for payment of filing fees." (Doc. 42.)

On January 18, 2022, Plaintiff objected and argued that he raised credible claims and allegations that demonstrate he was in imminent danger and was subjected to significant hardship by those at CDCR. (Doc. 43.) However, he failed to demonstrate that he was in imminent danger of serious bodily harm <u>at the time of filing</u>. Contrary to Plaintiff's assertion that he will be barred from raising any future complaints in the courts, upon revocation of Plaintiff's IFP status and dismissal of this case without prejudice, Plaintiff may refile his complaint upon prepayment of the filing fee. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on November 29, 2021, (Doc. 33), are **WITHDRAWN**.
2. Defendants' motion for order revoking Plaintiff's *in forma pauperis* status, (Doc. 23), is **GRANTED**; and
3. This action is **DISMISSED WITHOUT PREJUDICE. The plaintiff may re-file this action but SHALL present payment for the filing fee at the time he files it**.

IT IS SO ORDERED.

Dated:   **April 7, 2022**

UNITED STATES DISTRICT JUDGE

3